NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-542

COMMONWEALTH

vs.

GJEOVANNY ZORRILLA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury convicted the defendant of rape[1] and acquitted him of assault and battery by means of a dangerous weapon. The defendant filed a motion for a new trial on the ground of ineffective assistance of counsel, which the trial judge denied. In this consolidated appeal from his conviction and from the denial of his new trial motion, the defendant argues that his trial counsel was ineffective by failing to (1) exercise peremptory challenges, (2) obtain and use an investigator to speak with witnesses, (3) object to first complaint testimony, and (4) object to one of the judge's instructions on first complaint testimony. The defendant also contends that the trial judge's ruling that the Commonwealth

_____

[1] The defendant was indicted for aggravated rape, but the jury returned a verdict of the lesser included offense.

could impeach the defendant with his prior conviction had he chosen to testify was prejudicial error. We affirm.

Background. The Commonwealth presented the following evidence. On September 17, 2019, the defendant sent a message to the victim via Facebook Messenger, inviting her to join him and his cousin to smoke marijuana. The victim, who was sixteen years old at the time, and the defendant were only acquaintances, but she liked and wanted to spend time with the cousin. The defendant met the victim at her friend's house and walked her to a three-family house where she had previously "hung around" with friends who lived there. The defendant's cousin was not at the house. The defendant and the victim went to the second-floor porch, where the defendant "started rolling up the weed." The defendant told the victim that he wanted to be her boyfriend and asked her questions about her sexual relationship with his cousin. He took a knife from his pants pocket and put it to her neck. The defendant also grabbed the victim's arm "very, very hard," and told her "I could kill you and throw you somewhere and nobody would see you because that security camera that's there doesn't work." He forced her to perform oral sex on him, while telling her he was in love with her and wanted her to be his girlfriend.

Discussion. We review a judge's decision on a motion for a new trial for error of law or abuse of discretion. See

2

Commonwealth v. Tavares, 491 Mass. 362, 365 (2023).  Where the motion judge was also the trial judge, "we give special deference to the judge's findings of fact and the ultimate decision on the motion" (quotation and citation omitted). Commonwealth v. Corey, 493 Mass. 674, 684 (2024).

1.  Ineffective assistance of counsel.  "A defendant has a heavy burden to establish ineffective assistance of counsel sufficient to warrant a new trial."  Commonwealth v. Lao, 450 Mass. 215, 221 (2007).  The defendant must show not only that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer," but also that the attorney's conduct "likely deprived the defendant of an otherwise available, substantial ground of defen[s]e." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

a.  Peremptory challenges.  The defendant asserts that trial counsel's decision not to challenge peremptorily three "potentially biased" jurors was manifestly unreasonable.  See Commonwealth v. Kirkland, 491 Mass. 339, 349 (2023) (strategic decisions by counsel evaluated based on whether manifestly unreasonable when made).  We disagree.

Juror 6 was a retired United States Marshal.  She stated that she could "follow the instructions of the law and hear the evidence impartially," and specifically that she could "weigh the testimony of a police officer . . . just like any other

3

witness."  She was seated without objection on the first day of empanelment.  The following day, the prosecutor reported that juror 6 had met an employee of the district attorney's office for lunch after she was seated on the jury.[2]  The judge conducted an extensive colloquy with the juror, who described a long-term, friendly, professional relationship with the district attorney's employee prior to the juror's retirement almost five years earlier.  The juror stated that notwithstanding this relationship she was not biased toward the district attorney's office and would weigh the evidence fairly.  The judge found that juror 6 remained impartial and denied trial counsel's challenge for cause.

Juror 10 worked for the United States Department of Homeland Security as "a legal administrative specialist."[3]  She stated that she would not "tend to believe or disbelieve a police officer simply because they are a police officer."  The judge found juror 10 impartial and seated her in the jury without objection from the defendant.

Finally, juror 14 reported that she had been the victim of a prior sexual assault.  After questioning focused on that experience and its impact on her ability to decide the case

---

[2] The employee was described as an administrative assistant.
[3] In his brief, the defendant incorrectly identifies her as a "homeland security officer."

4

fairly, the judge determined juror 14 was indifferent and seated her despite trial counsel's challenge for cause "out of an abundance of caution." Counsel then took "a moment" before stating the defense was content with the juror. Prior to deliberations, juror 14 was randomly selected as an alternate juror.

When jurors affirmatively express their belief that they would be fair and impartial and defense counsel is satisfied with the response, there is no reason to challenge jurors. See Commonwealth v. Mello, 420 Mass. 375, 396 (1995). Whether to exercise a peremptory challenge of a particular juror is a tactical decision left to the judgment of the defendant and his counsel. See Commonwealth v. Ortiz, 50 Mass. App. Ct. 304, 309 (2000).

Here, each of the challenged jurors expressed an ability to decide the case fairly, was determined to be impartial by the judge, and was accepted by defense counsel. Although a defendant may choose to challenge a juror who is employed in or closely connected to law enforcement, counsel's decision not to do so does not amount to ineffective assistance. See Commonwealth v. Torres, 453 Mass 722, 731 (2009); Ortiz, 50 Mass. App. Ct. at 308, 309. The defendant offers no legal precedent to support his contention that the nature of juror 6's relationship with an employee of the prosecutor's office

5

"automatically disqualif[ied]" her.  His bald assertion that it could not be a reasonable strategic choice for counsel to forego a peremptory challenge to juror 6 after challenging her for cause suffers the same infirmity.  The defendant makes no specific argument regarding the ineffectiveness inherent in seating jurors 10 and 14.  Furthermore, he fails to address the fact that juror 14 was selected as an alternate and thus did not serve on the deliberating jury.  See Commonwealth v. Smith, 461 Mass 438, 443 (2012) (no risk that alternate juror whom defendant perceived as biased influenced verdict).  Instead, the defendant suggests that counsel might have strategically decided not to challenge one of the three jurors, "but after [three] times it gives the appearance of fear to use a peremptory" and speculates that trial counsel may have wanted to "complete the trial quickly."  We see nothing to substantiate these accusations; to the contrary, the record reflects that trial counsel conducted a thorough and vigorous defense that, at least in part, was successful.[4]  Ultimately, we agree with the motion judge that "leaving aside [the defendant's] conclusory and unsupported arguments that these jurors were 'potentially

---

[4] As previously noted, the defendant was acquitted of the aggravated portion of the rape indictment as well as of the charge of assault and battery by means of a dangerous weapon. Cf. Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 923 (2004) ("difficult to find" that error at trial caused prejudice where defendant was acquitted of one indictment [citation omitted]).

biased,'. . . [the defendant] has failed to demonstrate that the trial counsel's conduct 'affect[ed] the fairness of the trial,'" quoting Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015).

b. Failure to obtain an investigator. "To establish ineffective assistance of counsel, a defendant must identify with particularity how any investigation that counsel failed to conduct would have benefited the defense." Commonwealth v. Shepherd, 493 Mass. 512, 536-537 (2024). Here, the defendant contends that counsel was ineffective because he failed to retain an investigator to interview potential witnesses. Trial counsel's affidavit stated that he hired an investigator to speak with witnesses identified in the incident reports, but he did not recall the defendant providing additional witnesses for the investigator to interview. In his own affidavit supporting his new trial motion, the defendant did not identify the "several witnesses" whom he claimed to have asked counsel to have an investigator question. Nor did he provide affidavits from any of those prospective witnesses regarding the information they could have provided at trial. We thus agree with the motion judge that the defendant's arguments based on what the purported witnesses might have told the jury are "speculative" and fail to support a claim of ineffective

7

assistance.[5]  See Commonwealth v. Moore, 480 Mass. 799, 817

(2018) (ineffective assistance claim based on failure to call

witness "generally doomed" when no affidavits "disclose the

content of the omitted" testimony [citation omitted]).

c.  First complaint testimony and jury instruction.  The

defendant further argues that trial counsel was ineffective for

failing to object to "faulty" first complaint testimony and to

one of the three instances when the judge instructed the jury on

first complaint testimony.

With respect to the witness's testimony, the defendant

contends that counsel was obligated to object to questions from

the prosecutor after the witness initially testified that she

could not remember the victim's report.  This argument suffers

from what the motion judge aptly called a "cherry-pick[ing]" of

the witness's testimony.  The prosecutor responded to the

witness's initial difficulty in recollection with nonleading and

otherwise entirely appropriate questions.  There was nothing in

the exchange to which counsel properly could have objected.  Nor

are we persuaded by the defendant's contention that he was

---

[5] The defendant asserts that an evidentiary hearing was necessary to assess trial counsel's strategy regarding both peremptory challenges and use of an investigator.  We defer to the judge's "knowledge and evaluation of the evidence at trial," where the defendant's submissions do not "contain sufficient credible information to cast doubt on" these issues (citations omitted).  Commonwealth v. Upton, 484 Mass. 155, 162 (2020).

8

unfairly prejudiced because, once elicited, the first complaint testimony bolstered the victim's testimony. The purpose of first complaint testimony is to help the jury assess the validity of the victim's accusations. See Commonwealth v. King, 445 Mass. 217, 243 (2005), cert. denied, 546 U.S. 1216 (2006).

Before the victim testified about her conversation with the first complaint witness, the judge provided the jury with instructions. The defendant claims that counsel should have objected when the judge told the jury that they must determine whether the first complaint testimony "supports or fails to support [the victim's] testimony about the actual crime, about the sexual assault" (emphasis added). Although we agree that the judge's instruction was inartful, we discern no risk of prejudice from them or from counsel's oversight in failing to object. The reference was fleeting, and the judge subsequently gave first complaint instructions precisely as requested by the defendant prior to the first complaint witness's testimony and during the final charge to the jury. See Commonwealth v. AdonSoto, 475 Mass. 497, 511 (2016) ("slip of the tongue" during jury instruction not likely to mislead jury); Commonwealth v. Mercado, 466 Mass. 141, 154 (2013) ("reasonable juror could not have misunderstood or have been misled" by "four misstatements" because judge repeatedly stated correct burden of proof).

d.  Cumulative error.  We discern nothing in counsel's performance that fell "measurably below that which might be expected from an ordinary fallible lawyer," Saferian, 366 Mass. at 96, nor does the defendant demonstrate any prejudice from perceived errors, whether viewed individually or collectively. We therefore conclude that there is no reason to disturb the verdict and no error in the denial of the defendant's motion for a new trial based on ineffective assistance of counsel.

2.  Judge's ruling on impeachment evidence.  "Trial judges have discretion to permit impeachment of defendants who testify on their own behalf with their prior convictions, pursuant to G. L. c. 233, § 21."  King, 445 Mass. at 227.  The defendant argues that he is entitled to a new trial because his motion to preclude impeachment based on a prior conviction for armed robbery was improperly denied.  We disagree.

The defendant's contention that armed robbery and aggravated rape are "very similar" and that armed robbery does not involve truthfulness are not supported by the caselaw.  See King, 445 Mass. at 227 (armed robbery conviction admissible to impeach defendant because relevant to credibility and sufficiently dissimilar from forcible rape of a child).  There was no abuse of discretion by the trial judge where he conducted the required balancing test and determined that the probative value of the impeachment evidence was not outweighed by any

10

potential prejudice to the defendant.  See <u>Commonwealth</u> v.

<u>Little</u>, 453 Mass. 766, 773 (2009).  Nor are we persuaded that

the judge's decision "blocked" the defendant from testifying.

Trial counsel stated in his affidavit that he informed the

defendant that he had a right to testify and that "it was his

decision and his decision alone."  A defendant's informed choice

not to testify due to the potential admission of a conviction is

not grounds for a new trial.  Cf. <u>King</u>, <u>supra</u> at 227-228.  Thus,

we discern no reason to disturb the defendant's conviction and

no abuse of discretion in the judge's denial of the defendant's

motion for a new trial.

<u>Judgment affirmed</u>.

<u>Order denying motion for a
new trial affirmed</u>.

By the Court (Neyman,
Brennan & Toone, JJ.[6]),

Assistant Clerk

Entered:  May 17, 2024.

---

[6] The panelists are listed in order of seniority.